[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Kenneth Simon, was ineffective in assisting him in that he (1) failed to move to suppress the petitioner's statement to the police on the grounds that petitioner at the time was under the influence of alcohol and heroin; (2) revealed to the State's Attorney and the court that the petitioner's gun was inoperable without first obtaining an agreement to withdraw the charges; (3) failed to advise the petitioner that any of the sentences would be consecutive and that Robbery in Second Degree was subject to a maximum penalty of ten years; and (4) failed to allow him to go to trial. CT Page 11944
The petitioner was arrested and charged with five (5) robberies in the first degree for events which occurred in the year 1992 on five separate days of June 6, 7, 14, July 29 and August 5 at separate locations. On four (4) of the occasions he displayed a gun and on the other displayed a knife. On the date of his arrest he made a statement to the police admitting his conduct in all five events. Positive identification of the petitioner was made by witnesses at four (4) of the five events.
The petitioner called two witnesses, the petitioner and his trial attorney, Kenneth Simon. The petitioner testified that at the time of his arrest on August 16, 1992 he had a "hang-over" from the night before and excused himself to use the restroom and used two (2) baggies of narcotics which he had in his pocket. He gave this information to his attorney so that he could move to suppress such statements but that his attorney never did make the motion. He also testified that he told his attorney that the gun which he used was inoperable and that he could produce it but not to reveal this information unless a guarantee was obtained for a reduction in the charges and despite that his attorney revealed it to both the State's Attorney and the court. He further testified that he did plead on February 23, 1993 to the five (5) charges of Robbery in the second degree for a plea bargain of twenty-two (22) years with the right to argue for less. He claimed however that at the time of his plea he was unaware that any of the sentences would be made consecutive and that the maximum penalty of Robbery in the Second Degree was ten (10) years rather than twenty (20) years. Before sentencing he asked that his attorney move to withdraw his plea which was not done. He also claimed his attorney prevented him from going to trial.
Mr. Simon testified that the petitioner did request the motion to suppress his statement which would be done at the time of trial which is when such motions are heard. He held out no prospects of success however since the police had a different opinion of his condition which both the signing of the waiver of rights and the details of his statement would corroborate. Also a successful suppression would not be dispositive since positive identification was made on four (4) of the robberies. He likewise felt it necessary to disclose that the gun was inoperable to gain whatever leverage that would have and no guarantee would be forthcoming without such disclosure first. Mr. Simon testified that the petitioner had asked him to move to withdraw his plea between the time of plea and the sentencing, not because he was CT Page 11945 not aware of the maximum sentence of Robbery in the Second Degree or the consecutive nature of sentencing of two of the robberies but because he felt the time was too much. After discussion with the petitioner of the jeopardy he faced on trial, the motion was not pressed. At sentencing the petitioner received a total effective sentence for the five (5) robberies of twenty (20) years.
The court supports the logic of Mr. Simon as to the value of a motion to suppress the petitioner's statement to the police and the use of an inoperable gun in plea negotiations. The court observed that the petitioner, despite his lack of formal education, was both intelligent and articulate so as to make it difficult to believe that he didn't understand the proceedings of plea, Petitioner's Exhibit 1, as Judge Damiani explained the differences in the maximum penalties of both Robbery in the First Degree and Robbery in the Second Degree by the imposition of consecutive penalties and that the plea bargain of twenty-two years included two of the five robberies in the second degree being served consecutively and that the plea was his act to abort trial.
In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice. Bunkley v. Commissioner of Corrections, 222 Conn. 444,445. The petitioner has produced nothing to demonstrate that there was anything that his trial attorney could have done to obtain a different result.
For the above reasons the petition is denied.
Thomas M. Corrigan Judge Trial Referee